**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5015**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER EUGENE HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00115-LHT-1)

Submitted:  April 24, 2009                Decided:  May 13, 2009

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Eugene Harris pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Harris to 188 months of imprisonment, and Harris appeals his convictions and sentence. Finding no error, we affirm.

Harris argues that (1) the Government's failure to move for a downward departure based on substantial assistance under U.S. Sentencing Guidelines Manual § 5K1.1 (2007) amounted to prosecutorial misconduct; (2) the district court committed clear error in failing to review the Government's decision not to file a substantial assistance motion; and (3) trial counsel was ineffective for failing to move to compel the Government to make the substantial assistance motion. The Government has asserted Harris' appeal is foreclosed by the appellate waiver in the plea agreement, in which Harris agreed to waive his right to appeal his convictions and sentence, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Because we find Harris' waiver of his right to appeal was knowing and voluntary, see United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005), we find that Harris waived his right to

2

appeal, except for his claims of prosecutorial misconduct and ineffective assistance of counsel.

Harris argues that the Government committed misconduct because its refusal to move for a downward departure was arbitrary and because the Government drafted an illusory agreement in which it had no obligation to move for a departure even if Harris complied with the bargain. We have reviewed the record and find Harris' claims to be without merit. See United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (stating reversible prosecutorial misconduct occurs when Government engages in "improper" conduct that "prejudicially affect[s]" an individual's "substantial rights so as to deprive him of a fair trial").

Furthermore, Harris' claim that his counsel was ineffective is not cognizable on direct appeal because counsel's ineffectiveness does not conclusively appear on the face of the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED